GASKINS, J.,
dissenting.
|,I respectfully dissent from the majority’s opinion that affirms the defendant’s conviction for commercial littering. Had the defendant been in sole possession of the mobile home when it was left on the roadside, the majority would have had a firmer case for the defendant’s culpability. The defendant, however, was not in possession of the mobile home. After pulling the mobile home onto the roadside, the owner came to that location. The owner took possession of the mobile home, and there was no evidence presented at trial to the contrary.
The defendant was hired to transport the mobile home, but was unable to continue pulling it down the road because it began disintegrating and setting fires. Under these conditions, the defendant could have had liability for obstructing the road, destroying the roadbed, and setting fires had he continued to his destination.
The defendant was hired to transport the mobile home. It is abundantly clear that it could not be moved in one piece. Otherwise, the sheriffs office would have had that done, at a much lower price than $3,000. In fact, the defendant had told the owner that he would continue transporting the mobile home, once it was roadworthy. The defendant had no authority to destroy the mobile home by cutting it into sections in order to move it. Had he done so without the owner’s consent, we might well be discussing the defendant’s felony charges for felony criminal property damage.
Admittedly, the defendant was unapologetic and obstinate when talking to the officer about the mobile home. While this behavior is not to be condoned, the defendant’s disrespectful attitude does not make him guilty of this offense. Finding that the defendant did not have possession of the mobile home when it was |2left on the roadside, and had in fact transferred possession to the owner, I would find the defendant not guilty of commercial littering.